# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0706, <u>State of New Hampshire v. Frank Kervin</u>, the court on January 21, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendant, Frank Kervin, appeals his convictions, following a jury trial, of three counts of reckless conduct, <u>see</u> RSA 631:3 (2016), one count of criminal threatening, <u>see</u> RSA 631:4, I(a) (2016), and one count of conduct after an accident, <u>see</u> RSA 264:25 (Supp. 2020).  He argues that it was plain error for the Superior Court (<u>St. Hilaire</u>, J.) not to <u>sua sponte</u> strike portions of the prosecutor's closing argument.

The record shows that the defendant was charged with crimes arising from separate motor vehicle driving incidents involving his truck and two other vehicles.  At trial, the investigating police officer testified that, during a conversation with the defendant the morning after the incidents, "at no point in time did he profess his innocence or adamantly deny that he had any involvement" in the incidents.  Rather, the officer testified, the defendant made comments to the effect of, "if you said I did it, I must have done it," and "[c]learly I did it, I just don't remember doing it."  The officer testified that only later in the conversation, after being confronted with specific facts relating to the incidents, did the defendant deny being involved in the incidents.

During his closing argument, the prosecutor stated the following:

[The defendant] didn't deny that his truck was involved in the accident.  He told you he did, but [the police officer] explained to you word-for-word the conversation that he had that night and at no point did [the defendant] say, that wasn't me.  The closest thing that he got to that was that he just didn't remember.  That there were just parts of that night, of that drive home, that [the defendant] didn't remember.

The defendant argues that the prosecutor's argument mischaracterized the evidence at trial, and that it was plain error for the trial court not to <u>sua sponte</u> strike the prosecutor's statements.

The plain error rule allows us to exercise our discretion to correct errors not raised before the trial court. State v. Euliano, 161 N.H. 601, 605 (2011); see Sup. Ct. R. 16-A. The rule, however, should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result. State v. Guay, 164 N.H. 696, 704 (2013). For us to find plain error: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. State v. Pennock, 168 N.H. 294, 310 (2015).

"A prosecutor may draw reasonable inferences from the evidence presented and has great latitude in closing argument to both summarize and discuss the evidence and to urge the jury to draw inferences of guilt from the evidence." State v. Drown, 170 N.H. 788, 793 (2018). The State argues that the prosecutor's argument was not improper because it fairly summarized the defendant's inconsistent statements to the police officer. The issue is whether the trial court erred in failing to sua sponte strike the argument. See State v. Stillwell, 172 N.H. 591, 609 (2019).

"[W]e have never held that a trial court must interrupt a party's closing argument; rather, we have often discouraged trial courts from acting sua sponte." Id. at 610 (quotation omitted). "Defense counsel may have good reasons for not objecting during a prosecutor's closing argument." Id. In this case, defense counsel may have decided not to object to the argument in order to avoid drawing additional attention to the defendant's inconsistent statements to the police officer. "A decision not to object may be a trial strategy that should not be intruded upon by the trial court in the absence of patently egregious circumstances." State v. Labrie, 171 N.H. 475, 789 (2018).

We note that, at the start of the trial, the court instructed the jury that "[i]f the lawyers or I state the facts differently from the way you recollect them to be, then you should disregard what the lawyers or I have said about the facts and follow your own recollection." "The jury is presumed to follow the instructions given by the trial court." State v. Littlefield, 152 N.H. 331, 348 (2005). Based upon this record, we cannot conclude that it was plain error for the trial court not to sua sponte strike the prosecutor's closing argument. See Labrie, 171 N.H. at 789.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2